# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| DIVINE FISH HOUSE, INC., TORTOLA HOLDINGS, LLC., BITTER END, LLC and BLUEWATER FOOD SERVICE, INC., JBDK, LLC, SEA DIP, INC., and ANDERSON FAMILY, LTD., IDAN SOLUTIONS, LLC d/b/a LAS OLAS OCEANMARKET, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> BP, P.L.C., *et al.*, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) C.A. No.: 2:10-cv-01461 ) ) ) ) ) **ORDER** ) |

Before this Court is a motion to stay pending transfer by the Judicial Panel on Multidistrict Litigation by Defendants BP America, Inc., BP Products North America, Inc., and BP Exploration & Production, Inc. On July 2, 2010, Plaintiffs filed an opposition to the motion to stay and a counter-motion for emergency discovery. On July 12, 2010, Defendants filed a reply in support of their motion for stay of proceedings pending transfer by the judicial panel on multidistrict litigation. For the following reasons, the motion is GRANTED.

## BACKGROUND

On April 20, 2010, the Deepwater Horizon oil rig exploded into flames and sank; oil began spilling into the Gulf of Mexico causing an oil slick on the surface of the water and plumes of oil beneath. As the days and weeks passed, the oil spill had not yet been contained, and parties began filing damage suits for personal injuries, injury to their business interests, and injuries to their property. This is one of those lawsuits.

1

On May 7, 2010, BP moved to consolidate the many cases[1] related to the Deepwater Horizon explosion before the Judicial Panel for Multidistrict Litigation pursuant 28 U.S.C. § 1407. The motion is expected to be heard in late July 2010. The Transocean defendants filed a limitation action as owners and operators of the Deepwater Horizon in the Southern District of Texas, Houston Division. On May 13, 2010, that district court ordered all persons claiming damages for any losses or injuries occasioned during the Deepwater Horizon catastrophe be notified to file their claims with that court, or have their claims be forever barred. The court also ordered the beginning or continued prosecution of any actions against the Transocean entities or the Deepwater Horizon be "enjoined, stayed and restrained."

## LAW AND ANALYSIS

### I.

A pending transfer motion before the MDL panel does not deprive the district court in which the action is then pending of jurisdiction over pretrial matters. J.P.M.L.R. PROC. 1.5.; *see In re Air Crash Disaster at Paris, France, on Mar. 3*, *1974*, 376 F. Supp. 887, 888 (J.P.M.L. 1974) ("[T]he mere pendency of a motion before the Panel does not affect or suspend orders and discovery proceedings in the transferor district court . . . ."). The MDL Panel has observed that "the use of stay orders by the district courts, particularly in the area of discovery, is usually undesirable," while "[a] stay of proceedings concerning questions common to all cases, such as class representation, may be appropriate to preserve the question for the transferee judge and avoid inconsistent rulings." *In re Penn Cent. Sec. Lit.*, 333 F. Supp. 382, 384 n. 4 (J.P.M.L. 1971). Nonetheless, the matter of a

---

[1] According to the defendants, at least 200 cases have been filed in various state and federal courts; and at least 130 of these are styled as class actions.

stay "is within the sole discretion of the transferor judges." *In re Air Crash Disaster*, 376 F. Supp. at 888.

Indeed, incidental to its power to control the disposition of its docket, a district court has the inherent power to stay proceedings. *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936). When determining whether to do so, the court "must weigh competing interests and maintain an even balance." *Id.* The district court should consider three factors: (1) the potential prejudice to the non-moving party; (2) the hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated. *La. Stadium & Exposition Dist. v. Fin. Guar. Ins. Co.*, No. 09-235, 2009 WL 926982, at *1 (E.D.La. Apr. 2, 2009).

Courts frequently grant stays in cases when an MDL decision is pending. District courts have granted motions to stay after finding that the plaintiff would not be prejudiced by a slight delay. *Falgoust v. Microsoft Corp.*, No. 00-779, 2000 WL 462919, at *2 (E.D.La. Apr. 19, 2000); *see La Stadium*, 2009 WL 926982, at *1 (responsive pleadings due to MDL panel eighteen days after district court decision); *Kennedy v. Novartis Pharm., Corp.*, No. 02-2331, 2002 WL 31051601 (E.D.La. Sept. 12, 2001) (MDL panel had already ordered a conditional order of transfer, Court anticipated a three to four week delay); *Tench v. Jackson Nat'l Life Ins. Co.*, No. 99-5182, 1999 WL 1044923, at *2 (N.D.Ill. Nov. 12, 1999) (MDL panel hearing only one week away); *Good v. Prudential Ins. Co. of Am.*, 5 F. Supp. 2d 804, 809 (N.D. Cal. 1998) (MDL panel had already ordered a conditional order of transfer). In *Falgoust*, for example, the court determined that the hardship faced by the defendant forced to litigate in multiple courts and potentially forced to suffer conflicting rulings outweighed the prejudice to the plaintiff caused by delay. *Falgoust*, 2000 WL

462919, at *2.

## II.

The present litigation compels a stay. A delay of a few months, while longer than some of the cases cited by the parties, is, nonetheless, slight when compared to the hardship to the defendants and the interests of judicial economy. The Court notes that there is no evidence of spoilation of evidence, and sanctions will remain available if the defendants engage in prohibited conduct. Further, if emergency relief is needed, a stay can always be lifted.

With at least two hundred lawsuits in different districts, the defendants face the burden of litigating in multiple jurisdictions. More importantly, in this case, the plaintiffs have moved for emergency discovery, which poses not only a hardship to the defendants, but mocks an efficient and orderly judicial system.

The Court finds that the prejudice to the plaintiff caused by a delay of months is outweighed by the hardship to the defendants and the interests of judicial economy. Accordingly, the defendants' motion is GRANTED and Plaintiffs' motion for emergency discovery is DENIED.

IT IS ORDERED: that all proceedings in this case are temporarily stayed, pending the MDL Panel's final decision on whether to consolidate.

_____
PATRICK MICHAEL DUFFY
United States District Judge

**July 14, 2010**
**Charleston, SC**

4